■ Cɪᴛʏ ᴏꜰ Nᴇᴡ Yᴏʀᴋ et al., Respondents, v Aᴘʀᴇꜱ Bᴏᴅʏ Rᴇᴘʟᴀᴄᴇᴍᴇɴᴛ, Iɴᴄ., Also Known as Eʟᴋᴇ Aᴘʀᴇꜱ Rᴇᴘʟᴀᴄᴇᴍᴇɴᴛ, Iɴᴄ., et al., Appellants. — Judgment, Supreme Court, New York County (Leonard Silverman, J.), entered June 2, 1982, modified, on the law and the facts, without costs, only to the extent of vacating the judgment as against appellant Anne Pickford and remanding the matter for a new assessment as against that defendant, and otherwise affirmed. The appeal from the order (same court, Andrew R. Tyler, J.), entered December 24, 1981, granting plaintiffs partial summary judgment on the second cause of action, is dismissed as subsumed in the appeal from the said judgment, without costs or disbursements. The action was brought, *inter alia*, to impose statutory penalties for violations of section B32-483 of the Administrative Code of the City of New York, which makes it unlawful for a dealer to sell, rent, fit, repair, service or adjust products for the disabled without securing a license. The corporate defendant had been engaged in the business of fitting and selling custom breast prostheses to women who have had surgical mastectomies. Defendants concede that they did not secure a license. After receipt and investigation of more than 30 consumer complaints against defendant, Apres Replacement, Inc., the city and the Commissioner of the Department of Consumer Affairs instituted an action to impose a penalty of $100 per day for every day during which the unlicensed business had operated (Administrative Code, § 773-5.0). After partial summary judgment had been granted, the matter proceeded to an assessment, whereupon plaintiffs were awarded judgment in the sum of $27,500 against each defendant. Subdivision c of section B32-482 of the Administrative Code defines "disabled" as "a person who has a physical or medical impairment resulting from anatomical or physiological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." The term "products for the disabled" includes "prosthetic devices" except prosthetic dental devices (Administrative Code, § B32-482, subd d). Contrary to the position assumed by appellants, we find the code provisions sufficiently broad in scope to include women who have had a surgical mastectomy procedure. However, it is undisputed on this record that appellant Pickford did not appear and was not represented upon the assessment hearing. Nor does it appear that she was afforded notice that such a hearing would be held. At the conclusion of the hearing, the Justice presiding directed entry of judgment only as against the corporation and defendant Elke Mack, but not against Pickford. Respondents agree that judgment should not have been entered against Pickford and, accordingly, we remand for a new trial but solely on damages as to her. We have examined the remaining contentions advanced by appellants and find them lacking in merit. Concur — Sandler, J. P., Ross, Fein, Lynch and Kassal, JJ.

■ Cʜʀɪꜱᴛɪɴᴀ Bᴇʀʀɪᴏꜱ, an Infant, by Her Mother and Natural Guardian, Eʟᴀɪɴᴇ Bᴇʀʀɪᴏꜱ, Respondent, v Fᴏᴜᴀᴅ Sᴜʀᴜʀ, Respondent, and Aʙʀᴀʜᴀᴍ Rɪꜱᴋ et al., Appellants. — Judgment, Supreme Court, New York County (Orest Maresca, J.), entered on July 2, 1982, unanimously modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Christina Berrios and a new trial ordered on the issue of damages only awarded to said plaintiff, without costs and without disbursements, and said judgment is otherwise affirmed unless said plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor with respect to compensatory damages to $1,500,000 and with respect to pain and suffering to $500,000 and to the entry of an amended judgment in accordance therewith. If said plaintiff so stipulates, the judgment,

as amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.

## (October 18, 1983)

■ JIMMIE VARGAS, an Infant, by His Mother and Natural Guardian, CLARA VARGAS, Appellant, v CITY OF NEW YORK et al., Defendants, and JOHN DORIS ELECTRICAL CONTRACTORS AND ENGINEERS, Respondent. — Order of the Supreme Court, New York County (Kirschenbaum, J.) entered January 4, 1983, denying plaintiff's motion for a default judgment against defendant John Doris Electrical Contractors and Engineers, unanimously modified, without costs, on the law, the facts and in the exercise of discretion, to condition such denial upon the payment of $1,000 costs, within 20 days after service of a copy of the order to be entered herein, with notice of entry. In the event the payment is not made within the time specified, the order appealed from is reversed and the motion granted, with costs. Defendant Doris, which had been in default in making answer to plaintiff's complaint for a substantial period of time, avers that on December 8, 1982, it telephoned the office of plaintiff's attorneys to request an extension of time to answer. It asserts that none of the attorneys were in and that it obtained an oral stipulation from one of the secretaries extending its time to answer to January 8, 1983. Its answer was served on December 21, 1982. Thereafter, plaintiff moved for the entry of a default judgment contending that no such stipulation was ever agreed upon. In light of the recent amendments to CPLR 2005 and 3012 (subd [d]) (L 1983, ch 318), it was appropriate for Special Term to excuse the default of Doris. However, we are of the opinion that costs, in the sum of $1,000, should have been imposed to compensate plaintiff for the annoyance and delay occasioned to him and we modify accordingly. Concur — Murphy, P. J., Sullivan, Ross, Silverman, and Bloom, JJ.

■ EILEEN SCHNOCK, Respondent, v A. H. ROBINS Co., INC., Appellant — Appeal from order, Supreme Court, New York County (Jerome Marks, J.), entered on September 16, 1982, unanimously dismissed as moot, without costs and without disbursements. (*Abrams v Community Servs.*, 76 AD2d 765.) No opinion. Concur — Murphy, P. J., Asch, Fein, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE CHAPMAN, Appellant. — Judgment, Supreme Court, New York County (John Leonforte, J.), rendered on December 17, 1980, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN SCHWARTZ, Appellant. — Judgment, Supreme Court, New York County (Stanley Sklar, J.), rendered on May 4, 1979, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Alexander, JJ.

■ CARIBBEAN PAINTING CORP., Appellant, v REPUBLIC NATIONAL BANK, Respondent. — Order, Supreme Court, New York County (Edward H. Lehner,